IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN ARTHUR SEILER                                                          PLAINTIFF

vs.                              Civil No. 6:17-cv-06110

NANCY A. BERRYHILL                                                             DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Stephen Arthur Seiler ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability application on February 18, 2013. (Tr. 191). In his application, Plaintiff alleges he is disabled due to optic nerve problems and black spots; high blood pressure; heart issues; diabetes; severe pain his neck, arms, shoulders, and back; an enlarged heart; cysts on his kidneys; severe depression; hearing problems, loss of mobility; and neuropathy. (Tr. 463). Plaintiff alleges an onset date of June 1, 2007. (Tr. 191). This application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

and again upon reconsideration. (Tr. 157-171).

Plaintiff requested an administrative hearing on his denied application. Ultimately, Plaintiff had three administrative hearings, one on November 4, 2014 (Tr. 104-142), one on August 26, 2016 (Tr. 34-80), and one on March 9, 2017 (Tr. 81-103). Based upon the testimony taken at this hearing, the ALJ entered three unfavorable decisions. (Tr. 14-26, 188-208, 214-233). Thereafter, Plaintiff requested the review of the Appeals Council, and the Appeals Council granted Plaintiff's request for review. (Tr. 1-10). Plaintiff is now appealing the Appeals Council's decision, and this is the current decision before the Court. ECF No. 1.

The Appeals Council entered its decision on August 25, 2017. (Tr. 1-10). In this decision, the Appeals Council found Plaintiff met the special earnings requirements of the Act on June 1, 2007 and continued to meet them through December 31, 2012. (Tr. 6, Finding 1). The Appeals Council found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2007. (Tr. 6, Finding 2).

The Appeals Council found Plaintiff had the following severe impairments: chronic kidney disease, hypertension, diabetes mellitus, degenerative disc disease, obesity, and bilateral hearing loss. (Tr. 6, Finding 3). Despite being severe, the Appeals Council also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 6, Finding 3).

In this decision, the Appeals Council evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 7, Finding 4). Specifically, the Appeals Council found Plaintiff was "limited to light work" except Plaintiff "could not discern sounds softer than conversation level." (Tr. 7, Finding 4).

The Appeals Council found Plaintiff was unable to perform his Past Relevant Work ("PRW").

(Tr. 7, Finding 6). The Appeals Council, however, found Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy. (Tr. 7, Finding 8). The Appeals Council based that determination upon the testimony of the Vocational Expert ("VE") at the hearing on August 26, 2016, which supports a finding that he retains the capacity to work as a semi-conductor tester with 454,000 such jobs in the national economy (light, semi-skilled). (Tr. 6). Based upon these findings, the Appeals Council found Plaintiff was not disabled, as defined by the Act, at any time through December 31, 2012 (his date last insured). (Tr. 7, Finding 9).

On October 18, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 15, 2017. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 17-18. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) whether substantial evidence supports the Appeals Council's assessment of his PRW; and (B) whether the SSA has met its burden at Step Five of the Analysis. ECF No. 17 at 1-18. The Court will address both of these arguments.

**A.    PRW and Transferability of Job Skills**

With his first argument, Plaintiff claims the Appeals Council improperly assessed his PRW. ECF No. 17 at 9. Plaintiff claims the Appeals Council relied upon the conflicting testimony of two vocational experts at two administrative hearings in making this assessment. *Id.* Specifically, Plaintiff claims the first vocational expert characterized Plaintiff's PRW one way while the second vocational expert characterized Plaintiff's PRW another way and with different *Dictionary of Occupational Titles* ("DOT") job descriptions. *Id.*

Plaintiff claims this impacts the outcome of the Appeals Council's decision. ECF No. 17 at 9. Specifically, the Appeals Council determined certain skills were transferrable when making the Step Five determination, and the Appeals Council based its transferability determination upon what Plaintiff alleges is conflicting testimony from these two vocational experts. *Id.*

Upon review, the Court finds no basis for reversal on this issue. Although Plaintiff is correct that the vocational experts at these hearings characterized Plaintiff's PRW differently and used different DOT job descriptions, those characterizations were not conflicting. Further, both the first and second vocational experts testified Plaintiff's skills were transferrable such that he could perform the job of semiconductor tester. (Tr. 78, 132-133). Further, both the first and second vocational expert confirmed Plaintiff had transferable skills and would require very little vocational adjustment

in order to work jobs within Plaintiff's RFC.  Thus, the Court finds no basis for reversal on this issue.

      **B.**      **SSA's Burden at Step Five**

As a continuation of his first argument, Plaintiff alleges the Appeals Council did not met its burden at Step Five.  ECF No. 17 at 11-18.  Specifically, Plaintiff claims the numbers the Appeals Council relied upon for the Step Five determination (454,000 jobs in the national economy) were not accurate because they did not properly account from Plaintiff's transferrable jobs skills.  *Id.*  Plaintiff argues the jobs actually available were *only* 579 such jobs (not 454,000 such jobs) in the nation, and this "does not appear to be a significant number of jobs."  ECF No. 17 at 12.

However, even assuming Plaintiff is correct and instead of finding 454,000 such jobs were available in the national economy, the Appeals Council should have found 579 such jobs were available in the national economy, Plaintiff has still not established a basis for reversal.  The Eighth Circuit has not established a "bright line" rule for what amounts to a "significant" number of jobs.  *See, e.g., Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir. 1988).  Apart from Plaintiff's speculation on this issue, there has been no demonstration that 579 such jobs in the nation should not be considered "significant."  Accordingly, the Court cannot find Plaintiff has met his burden for reversal in this case.

**4.**      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of January 2019.**

                                                            /s/ *Barry A. Bryant*
                                                            HON. BARRY A. BRYANT
                                                           UNITED STATES MAGISTRATE JUDGE